**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY J. PICKENS and
LORELLE J. PICKENS,

Plaintiffs-Appellants,

v.

MIKE NAUGHTON FORD, INC.,

Defendant-Appellee.

No. 98-1152
(D.C. No. 97-B-2425)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the

case is ordered submitted without oral argument.

Plaintiffs Timothy and Lorelle Pickens appeal the district court's dismissal

of their action for odometer fraud under the Motor Vehicle Information and Cost

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Savings Act, 49 U.S.C. § 32701 *et seq* . We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiffs purchased a 1988 GMC pickup from defendant Mike Naughton Ford, Inc., in November 1995. Plaintiffs, who at all times have been represented by counsel, commenced this action in November 1997, alleging defendant falsely represented the mileage on the pickup for the purpose of fraudulently inducing them to purchase the vehicle, in violation of 49 U.S.C. § 21705(a).

On January 30, 1998, defendant filed a motion to dismiss, contending plaintiffs' claims were subject to mandatory arbitration under an agreement executed by plaintiffs at the time of the purchase of the pickup, which provided:

> I understand that any controversy or claim arising out of or related to the sale of this vehicle, the repair of this vehicle or any service performed on or to this vehicle, whenever arising, shall be settled by binding arbitration in the City of Aurora, State of Colorado. This arbitration shall be in accordance with the Laws of the State of Colorado and any decision rendered shall be final and binding and judgment may be entered in any court having jurisdiction.

Appellant's App. at 2. Plaintiffs did not respond to defendant's motion and, on March 24, 1998, the district court granted the uncontested motion. Plaintiffs did not file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) or a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiffs have appealed the district court's ruling on substantive grounds (district court erred in finding it lacked subject matter jurisdiction; court erred in finding an

-2-

independently enforceable arbitration clause; and court erred in dismissing the complaint rather than providing necessary orders to effectuate arbitration).

Absent unusual circumstances, this court will not consider issues on appeal that were not raised in the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). See The Post Office v. Portec, Inc., 913 F.2d 802, 806 (10th Cir. 1990) (failure to raise the issue with the trial court precludes any review except for the most manifest error).

Plaintiffs have articulated no explanation for their failure to respond to defendant's motion to dismiss or their failure to seek reconsideration of the district court's order. Further, there is no indication that a manifest injustice would result from affirmance of the district court's order.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge